# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9527 | **DATE** | December 17, 2012 |
| **CASE TITLE** | George White (2012-1005123) v. Cook County Jail Sheriffs | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff must: (1) submit an amended complaint (plus a judge's copy and service copies) and (2) show cause in writing why any submitted amended complaint should not be dismissed for failing to exhaust his administrative remedies. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff, George White, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
   According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.
   Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.
   Plaintiff alleges that he is was housed in a condemned building at Cook County Jail from October 4, 2012 through October 22, 2012. He alleges that the living conditions in the Division Three housing unit are unconstitutional. Plaintiff names "Cook County Jail Sheriffs" as the sole Defendant.
   While Plaintiff's allegations state a claim, the only named Defendant is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993) (Cook County Jail is not a suable entity). Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Thus, Plaintiff must name the individuals that were aware that Plaintiff was living under unconstitutional conditions and who failed to correct the situation.

| STATEMENT |
|---|

Furthermore, it appears that Plaintiff could not have exhausted his administrative remedies. Plaintiff's complaint was signed on November 7, 2012. Plaintiff's allegations are based on his confinement in Division Three from October 4, 2012 through October 22, 2012. Thus, Plaintiff filed suit shortly after his confinement in Division Three changed. He alleges that he filed a grievance but does not indicate whether he received a response to that grievance nor whether he completed the grievance process (through the appeal process). Based on the short time frame between the alleged unconstitutional conditions and the filing if suit, it would appear that Plaintiff could not have fully exhausted his administrative remedies as to his claims.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, plaintiff's failure to exhaust appears on the face of the complaint and is supported by his exhibits. Failure to plead exhaustion mandates dismissal of the prisoner's claim without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25. Plaintiff must give staff a reasonable time to respond to a grievance before filing suit. *See Mlaska v. Shah*, 428 Fed. Appx. 642, 2011 WL 2600602 (7th Cir. June 29, 2011).

In light of what appears to be an impossibility of exhausting his administrative remedies in such a short time span, Plaintiff is also ordered to show cause in writing why any submitted amended complaint should not be dismissed for failing to exhaust his administrative remedies.

Accordingly, the Court dismisses the complaint on file without prejudice. Plaintiff must: (1) submit an amended complaint on the Court's required form and (2) show cause in writing why any submitted amended complaint should not be dismissed for failing to exhaust his administrative remedies.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

If Plaintiff fails to comply with this order by April 30, 2010, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.