# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9527 | **DATE** | January 17, 2013 |
| **CASE TITLE** | George White (2012-1005123) v. Cook County Jail Sheriffs | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [5] is dismissed without prejudice. Plaintiff must: (1) submit a second amended complaint (plus a judge's copy and service copies) and (2) show cause in writing why any submitted second amended complaint should not be dismissed for failing to exhaust his administrative remedies. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not comply with this order within 30 days, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, George White, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 17, 2012, Plaintiff was granted leave to proceed *in forma pauperis*. However, Plaintiff's complaint was dismissed without prejudice because he failed to name a suable entity. Plaintiff was also ordered to show cause in writing why an submitted amended complaint should not be dismissed without prejudice for failing to exhaust his administrative remedies. Plaintiff has submitted an amended complaint and a "letter" in which he states that the incorrect trust fund account statement was attached to the previous motion. Plaintiff attaches the correct trust fund account statement to his letter. The initial filing fee was waived so the correct trust fund account balance that also demonstrates waiving the initial filing fee does not alter the court's previous order.

Plaintiff again alleges that he is was housed in a condemned building at Cook County Jail. Plaintiff fails to include the dates he was housed under such conditions and he names Toni "Prepwinkle" as the sole Defendant. The President of the Cook County Board, Toni Preckwinkle (incorrectly identified as Toni Prepwinkle) cannot be held liable for the actions of the Sheriff's Department. Illinois law specifically provides that the Cook County Department of Corrections is a department created within the office of the Cook County Sheriff. *See* 55 ILCS 5/3-15002 and 15003 (2004). Policies concerning jail operation "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000), *quoting Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). It is the Sheriff who has final policymaking authority over jail operations, not the Cook County Board or its president. *Wade v. Stroger*, No. 98 C 4262, 2000 WL 992286, at *3 (N.D. Ill. June 22, 2000) (Zagel, J.). The Cook County Board President cannot be held liable for any constitutional violations Plaintiff may have endured while in the custody of the Cook County Department of Corrections. *Id.* Accordingly, Plaintiff fails to name a proper Defendant. Under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Thus, Plaintiff must name the individuals that were aware that Plaintiff was living under unconstitutional conditions and whom failed to correct the situation.

Furthermore, Plaintiff did not show cause in writing why his amended complaint should not be dismissed for failure to exhaust his administrative remedies. As set forth in the court's previous order, it appears that Plaintiff could

## STATEMENT

not have exhausted his administrative remedies based on the dates provided in his original complaint and the timing of his filing suit.    In light of what appears to be an impossibility of exhausting his administrative remedies in such a short time span, Plaintiff must show cause in writing why any submitted second amended complaint should not be dismissed for failing to exhaust his administrative remedies.

Based on the above, the Court dismisses the amended complaint on file without prejudice.  Plaintiff must: (1) submit  a second amended complaint on the Court's required form and (2) show cause in writing why any submitted amended complaint should not be dismissed for failing to exhaust his administrative remedies.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent.  As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.  Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.  Plaintiff is advised to keep a copy for his files.  The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

If Plaintiff fails to fully comply with this order the case will be summarily dismissed.  However, Plaintiff will still be responsible for paying the filing fee.